# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER, et al. CDCR #F-67490<br><br>Plaintiffs,<br><br>vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Civil No.   13cv1253 WQH (NLS)<br><br>**ORDER:**<br><br>(1) DISMISSING PLAINTIFFS BALLINGER, CATES, GASPER, RODGERS;<br><br>(2) DENYING MOTION FOR PRELIMINARY INJUNCTION;<br><br>(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) |

## I.   Procedural History

On April 9, 2013, Dean Schwartzmiller, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding in pro se, filed this action in the Northern District of California on behalf of himself and purportedly on behalf of four other inmates. (ECF No. 1.) Plaintiff Schwartzmiller is the only named Plaintiff to file a Motion to

Proceed *In Forma Pauperis* ("IFP") which was granted by United States District Judge Richard Seeborg on May 7, 2013. (ECF No. 5.) In addition, District Judge Seeborg dismissed the entire action on the grounds that Plaintiff was attempting to intervene in the *Plata* matter and instructed Plaintiff to file a motion to intervene in that matter. (ECF No. 6.) On May 23, 2013, Plaintiff Schwartzmiller filed a "Motion to Alter Judgment" to clarify that the Plaintiffs did not seek intervention in the *Plata* matter because they were seeking money damages. (ECF No. 8.) District Judge Seeborg granted Plaintiff's Motion and transferred this matter to the Southern District of California on May 28, 2013. (ECF No. 9.)

After the matter was transferred to this Court, Plaintiff Schwartzmiller filed a Motion for Preliminary Injunction. (ECF No. 12.)

## II. DISMISSAL OF PLAINTIFFS

As an initial matter, Plaintiff Schwartzmiller purports to also bring this action on behalf of himself and inmates Ballinger, Cates, Gasper and Rodgers. However, because Plaintiff Schwartzmiller is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Here, only Plaintiff Schwartzmiller has filed a Motion to Proceed IFP. Accordingly, the Court **DISMISSES** Plaintiffs Ballinger, Cates, Gasper and Rodgers from this action. However, this dismissal is without prejudice to Plaintiffs Ballinger, Cates, Gasper and Rodgers filing *separate* actions, along with a Motion to Proceed IFP.

## III. EX PARTE APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff also filed a Motion for Preliminary Injunction pursuant to FED.R.CIV.P. 65(a). (ECF No. 12.) Rule 65 of the Federal Rules of Civil Procedure provides that "the court may issue a preliminary injunction only on notice to the adverse party." FED.R.CIV.P. 65(a). As a preliminary matter, Plaintiff's Motion for Injunction does not comply with Rule 65(a)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his

Complaint, or his Motion have been served on any named Defendant.

Thus, Plaintiff's Motion does not comply with this elemental procedural requirement of Federal Rule of Civil Procedure 65(a). Thus, the Court must **DENY**, without prejudice, Plaintiff's Motion pursuant to FED.R.CIV.P. 65(a).

## IV. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

///

### A. 42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B. Eighth Amendment inadequate medical care claims

Plaintiff alleges that some of the named Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. (*See* Compl. at 11-13)

Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

*Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, Plaintiff disagrees with the prescription medication the Defendants provided for his back pain. (*See* Compl. at 11-13.) However, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief can be granted.

### C. Americans with Disabilities Act ("ADA") claim

Plaintiff alleges that Defendants violated the ADA by failing to supply him with "TV cable hookup" in his cell. (Compl. at 14.) Title II of the ADA broadly prohibits discrimination by public entities against individuals with disabilities: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The prohibitions of the ADA apply to state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952, 1954 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

The Ninth Circuit set out the elements of a claim under Title II of the ADA in *Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002):

> To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Id.* at 895 (citing *Weinrieich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). Plaintiff fails to allege any facts sufficient to show that a "tv cable hookup" is a "service, program or activity" provided by the prison and he fails to set forth any facts to show that he was denied these accommodations because of his disability. Accordingly, Plaintiff's claims brought pursuant to the ADA are dismissed for failing to state a claim upon which relief

may be granted.

### D. Respondeat Superior claims

Plaintiff names Governor Jerry Brown and Warden Daniel Paramo as Defendants in this matter but fails to set forth any specific factual allegations with regard to these Defendants in the body of Plaintiff's Complaint. Thus, it appears that Plaintiff seeks to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Brown or Paramo.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend. Plaintiff is also cautioned that his Amended Complaint cannot include claims relating to other inmates.

///

## V. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Ballinger, Cates, Gasper and Rodgers are **DISMISSED** from this action. The Clerk of Court is directed to mail a form civil rights complaint and form Motion to Proceed IFP to Plaintiffs Ballinger, Cates, Gasper and Rodgers.

2. Plaintiff's Motion for Preliminary Injunction is **DENIED** without prejudice pursuant to FED.R.CIV.P. 65(a)(1).

**IT IS FURTHER ORDERED that:**

3. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

4. The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff Schwartzmiller.

**IT IS SO ORDERED.**

DATED: 6/28/13

HON. WILLIAM Q. HAYES
United States District Judge